IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> RICHARD D. WROLEN, <br><br> Defendant. | Case No. 06-CR-40019-JPG |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Richard Wrolen's *pro se* motion for transcripts (Doc. 810). Defendants have no constitutional right to a complimentary copy of any document in their court files. *See United States v. Groce*, 838 F. Supp. 411, 413, 414 (E.D. Wis. 1993). Before providing copies free of charge, a district court may require the requestor to show: (1) that he has exhausted *all* other means of access to his files (*i.e.*, through his trial and appellate counsel), (2) that he is financially unable to secure access to his court files (*i.e.*, through a showing similar to that required in 28 U.S.C. § 1915(a)(2) which includes a certified copy of the prisoner's trust account for the previous six-month period prior to filing), and (3) that the documents requested are necessary for the preparation of some specific non-frivolous court action. *See United States v. Wilkinson*, 618 F.2d 1215, 1218-19 (7th Cir. 1980); *Rush v. United States*, 559 F.2d 455, 459 (7th Cir. 1977); *Groce*, 838 F. Supp. at 413-14. These minimal requirements do not impose any substantial burden to financially unable prisoners who desire their records be sent to them at government expense.

Wrolen contends that he is indigent and needs the transcripts of his sentencing in order to complete his § 2255, case number 09-51-JPG. However, Wrolen previously submitted a letter from his counsel at sentencing and on appeal, Steven V. Stenger (Doc. 764). In it, Stenger states:

"With respect to your request for transcripts, I provided such transcripts to you on May 19, 2008. The transcripts enclosed included your change of plea and sentencing proceedings. Such proceedings are the only relevant transcripts in your case. I have provided you all of the documents and transcripts in my possession." Because Wrolen has received a copy of the requested transcripts from his former counsel, the Court is under no obligation to provide him a second copy. Accordingly, Wrolen's motion (Doc. 810) is DENIED.

**IT IS SO ORDERED.**
**DATED: January 22, 2009.**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**